# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

2408 W KENNEDY LLC,

    Appellant,

v.                                                                                  Case No: 8:22-cv-1080-CEH

BANK OF CENTRAL FLORIDA,

    Appellee.

_____

## **OPINION**

Debtor-Appellant 2408 W. Kennedy, LLC, appeals the bankruptcy court's dismissal with prejudice of all counts of its adversary complaint (Docs. 5-2, 5-3). Appellant alleged in the adversary proceeding that its leasehold interest to a property was not eliminated by a judgment of foreclosure of that property in state court. The bankruptcy court found that Counts I and II of the adversary complaint were barred by the *Rooker-Feldman* doctrine,[1] and that Count III failed to state a claim.

Appellant has filed its initial brief (Doc. 12), Appellee filed its response (Doc. 15), and Appellant filed a reply (Doc. 18). The Court heard oral argument on October 3, 2023.

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon-Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) (explaining the doctrine).

Upon due consideration of the record, the parties' submissions, oral argument and otherwise being fully advised in the premises, the Court concludes that the bankruptcy court's orders must be reversed and the action remanded for further consideration.

## I.      BACKGROUND

### A. State Court Proceedings

Debtor-Appellant 2408 W. Kennedy, LLC, leased real property at 201-205 South Howard Ave. ("the property") from owner BAMC Development Holding, LLC, to use as a parking lot. Doc. 5-23 ¶¶ 7-8. The two principals of 2408 W. Kennedy, Christopher Scott and Thomas Ortiz, were also principals of BAMC. *See* Doc. 15 at 11 n.1, 14-15. The lease was signed on May 20, 2008. Doc. 5-23 ¶ 9. Although it was not recorded, BAMC gave a copy of the lease to its lender, Whitney National Bank. *Id.*

Whitney initiated a foreclosure action with respect to the property in September 2010. *Id.* ¶ 10. Whitney was later substituted as a party for its successors-in-interest, two successive entities called Biel. *Id.* ¶¶ 12, 14. The foreclosure action named BAMC, Scott, Ortiz, and others as defendants, but not Appellant. *Id.* ¶ 10. It also named Unknown Tenants as a defendant in the first complaint. *Id.* However, process servers were unable to serve Unknown Tenants, noting in their affidavits that the property was

2

a set of vacant parking lots for a nearby restaurant. *Id.* ¶ 11.[2] Unknown Tenants was not listed as a defendant in an amended complaint that was filed in February 2012. *Id.* ¶ 13.

The state court entered a Final Judgment of Foreclosure on July 2, 2018. *Id.* ¶ 15. The judgment stated, in relevant part:

> The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to sections 718.116 or 720.3085, Florida Statutes.

Doc. 5-42 at 5. BAMC unsuccessfully appealed the judgment of foreclosure. Doc. 15 at 12.

Biel purchased the property using its credit bid at a foreclosure sale on February 14, 2019. Doc. 5-23 ¶ 19. Two days before the sale, Appellant filed a Notice of Lis Pendens and a Motion to Intervene in the foreclosure action. *Id.* ¶ 17. It then filed a non-party objection to the foreclosure sale and a motion to vacate the sale. *Id.* ¶ 20. The motion to intervene was granted-in-part on March 5, 2019, making Appellant a party to the foreclosure action. *Id.* ¶ 22. However, the state court overruled Appellant's objections to the sale, denied the requested relief, and denied its subsequent motion for rehearing. *Id.* ¶¶ 24-27. Appellant did not appeal these orders. Doc. 5-2 at 4.

---

[2] Counsel for Biel later explained that service had not been completed because "there was nobody there. It's an empty lot," but that the area "was fenced off saying 'Under lease by…2408 West Kennedy.'" *Id.* ¶ 21.

CCIC, Biel's successor-in-interest, moved for a writ of possession on March 13, 2020, shortly after the judgment of foreclosure was affirmed on appeal. Doc. 5-23 ¶ 28; Doc. 15 at 17. Appellant opposed the motion, arguing that a determination on the merits of its leasehold interest had not yet been made. Doc. 5-23 ¶ 29. After a series of litigation activities, including Appellant's unsuccessful motion for rehearing, the court granted the writ of possession and a motion for its enforcement. *Id.* ¶¶ 30-35, 37. Appellant appealed the writ order and other orders to the District Court of Appeal, Second District. *Id.* ¶ 39.[3]

An entity called PV-SOHO purchased the property from Biel's successor-in-interest, CCIC, via a special warranty deed on December 2, 2020. *Id.* ¶¶ 23, 38.

### B. Bankruptcy Proceedings

Appellant filed a Chapter 11 bankruptcy action on May 18, 2021. *Id.* ¶ 40; Doc. 5-2 at 5. Appellant listed the lease among the assets on its proposed plan, identifying PV-SOHO as its landlord. *Id.*; Doc. 15 at 20.

Appellant next initiated the instant adversary proceeding against PV-SOHO. Doc. 5-23. Appellant sought a declaratory judgment that its leasehold interest survived the state court foreclosure proceedings. *Id.* It also alleged an alternative count of fraudulent transfer if the court should find the leasehold interest was transferred in the foreclosure. *Id.*

---

[3] The Second District Court of Appeal issued a per curiam affirmance of the Order Enforcing Writ on October 28, 2022. Doc. 25.

4

The bankruptcy court issued a Memorandum Opinion on the *Rooker-Feldman* Doctrine on February 16, 2022. Doc. 5-2. The court found that Counts I and II were due to be dismissed with prejudice as barred by the *Rooker-Feldman* doctrine. *Id.* at 13. It also dismissed with prejudice the fraudulent transfer count for failure to state a claim. *Id.* at 13 n.52. The court then issued an order granting PV-SOHO's motion to dismiss the adversary complaint for the reasons explained in its memorandum. Doc. 5-3. It summarily denied Appellant's motion for reconsideration. Docs. 4, 46.

Appellee, the Bank of Central Florida, was substituted as a party for PV-SOHO after it purchased the property. Doc. 5-49.

## II. STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a). This Court functions as an appellate court in reviewing decisions of the bankruptcy court. *See In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). The district court reviews legal conclusions of the bankruptcy court *de novo* and reviews the bankruptcy court's findings of fact for clear error. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).

## III. ANALYSIS

### A. Counts I and II

In Counts I and II, Appellants request a declaratory judgment and a judgment quieting title that Appellant's leasehold interest in the property remains in effect. Doc. 5-23 ¶¶ 49-69. The bankruptcy court dismissed both counts after determining that it

lacked subject-matter jurisdiction based on the *Rooker-Feldman* doctrine. Doc. 5-2 at 13. The court reasoned that Appellant's claims amounted to a direct attack on a state court final judgment, because Appellant was arguing that the judgment of foreclosure was void for lack of service of process. *Id.*

On appeal, Appellant argues that the bankruptcy court erred in finding that the counts were barred by *Rooker-Feldman*. Doc. 12. Appellant first contends that the bankruptcy court reached its conclusion by applying an outdated, unduly broad *Rooker-Feldman* test that improperly considered whether Appellant's claim was "inextricably intertwined" with the foreclosure judgment and whether Appellant had a reasonable opportunity to be heard in the state court proceeding. *Id.* at 14-18. Under the correct test, Appellant asserts that *Rooker-Feldman* cannot apply because it was not a "state-court loser." *Id.* at 18-27. Appellant argues that the final judgment of foreclosure did not foreclose out Appellant's leasehold interest in the property, based on the language of the judgment and the fact that Appellant was not a party to the state court action at the time. *Id.* at 18-23. Further, the *Rooker-Feldman* doctrine does not apply to non-parties. *Id.* at 24-27. Lastly, Appellant argues that *Rooker-Feldman* does not apply because Appellant did not seek to attack or overturn the judgment of foreclosure, only a finding that its leasehold interest survived the judgment. *Id.* at 27-30.

Appellee argues that the bankruptcy court correctly applied the *Rooker-Feldman* doctrine, using the proper standard. Doc. 15 at 25-27. Appellee asserts that the

bankruptcy court's references to an opportunity to be heard and inextricable intertwinement resulted from Appellant's own arguments. *Id.* at 27-29.  Moreover, the bankruptcy court correctly determined that the clear language of the judgment of foreclosure covered the leasehold interest, as the subsequent state court proceedings confirmed. *Id.* at 29-30.  Because Appellant had notice of the foreclosure proceedings, Appellee contends that its failure to intervene until after the judgment was issued constitutes unclean hands. *Id.* at 31-35.  Finally, Appellee argues that the bankruptcy court was correct to find that Appellee was attacking the foreclosure judgment, because Appellant argued in its opposition to the motion to dismiss below that the judgment was void due to lack of service of process. *Id.* at 35-37.

In reply, Appellant reiterates the arguments in its opening brief. Doc. 18.  It emphasizes that the bankruptcy court's finding, and Appellee's current argument, that the judgment of foreclosure included the leasehold interest omitted key language from the judgment and failed to consider Florida law. *Id.* at 8-10.  Further, the fact that Appellant was not a party to the judgment is dispositive. *Id.* at 11-16.

The *Rooker-Feldman* doctrine "establishes that a party who loses a case in state court cannot appeal that loss in a federal district court." *Behr v. Campbell*, 8 F.4th 1206, 1208 (11th Cir. 2021).  In the wake of the Supreme Court's decision in *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), in which the Court criticized the lower courts' expansion of the doctrine, the Eleventh Circuit's recent holdings have "emphasized [its] limited and clearly narrow nature[.]" *Behr*, 8 F.4th at 1211.

Importantly, *Rooker-Feldman* is not a "one-size-fits-all preclusion doctrine for a vast array of claims relating to state court litigation." *Id.* at 1208. Nor does it "prohibit a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009), quoting *Exxon Mobile*, 544 U.S. at 293. Rather, it only bars state court litigants from coming to federal court "complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile*, 544 U.S. at 284. Because of its highly limited nature, the doctrine "will almost never apply." *Behr*, 8 F.4th at 1212.[4]

*Rooker-Feldman* "does not bar actions by a nonparty to the earlier state suit." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). In other words, the doctrine "does not apply when the parties to the federal case are not the same as the parties to the state case." *In re Hazan*, 10 F.4th 1244, 1250 (11th Cir. 2021). In *Hazan*, the Eleventh Circuit held that *Rooker-Feldman* did not apply because the parties in a state court foreclosure action and bankruptcy case were not the same, even though they were closely related—

---

[4] The *Behr* court also acknowledged that dicta in its previous *Rooker-Feldman* cases contributed to confusion by continuing to quote definitions of "inextricably intertwined" that were inconsistent with *Exxon Mobile*. 8 F.4th at 1211-12. One case the court highlighted as particularly misleading was *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279 (11th Cir. 2018), on which the bankruptcy court relied here. *See* Doc. 5-2 at 8-9. In *Behr*, the Eleventh Circuit explained that considering whether a claim is "inextricably intertwined" is "merely a way of ensuring that courts do not exercise jurisdiction over the appeal of a state judgment simply because the claimant does not call it an appeal of a state court judgment," and is not to be used to expand the doctrine beyond claims requesting review and rejection of the judgment. 8 F.4th at 1211-12.

one party was a corporate entity owned by the husband of the other party. *Id.* This result was dictated by the Supreme Court's rejection in *Lance* of the argument that *Rooker-Feldman* should apply to parties in privity. 546 U.S. at 459. The Court held that those who are not in a position to appeal a state court judgment are not affected by *Rooker-Feldman*. *Id.* at 465. In this regard the doctrine is far narrower than preclusion, which does apply to parties in privity.

Here, the issue on appeal is whether Appellant can be classified as a "state court loser" whose federal challenge is barred by *Rooker-Feldman*. The parties and the bankruptcy court devoted the majority of their analysis to arguing whether Appellant suffered a loss from the final judgment of foreclosure. The bankruptcy court held that it did. Doc. 5-2. But the court neglected to analyze the threshold question of whether Appellant was a "state court loser" in the sense that it was a *party* to the action that led to the final judgment of foreclosure. As in *Hazan* and *Lance*, it was not. Therefore, it is unnecessary to address the majority of the parties' arguments and the bankruptcy court's reasoning. Appellant's federal challenge to the judgment cannot be barred by *Rooker-Feldman*.

Appellee does not respond to this point on appeal, nor did it substantively respond when Appellant raised the same point in its motion for reconsideration below. *See* Docs. 5-46 at 6-8; 5-48 at 5. At oral argument, Appellee incorrectly maintained that being a party is not a requirement of the *Rooker-Feldman* doctrine. However, Appellee apparently does not contest Appellant's allegation that the "Unnamed Tenants" were dropped from the state court action before the final judgment of

9

foreclosure was entered. It is also undisputed that the entity 2408 W. Kennedy was not a named party to that action at the time the judgment of foreclosure was entered. As a result, it could not appeal the final judgment of foreclosure in the Florida District Court of Appeal.[5] *See Lance*, 546 U.S. at 465 (whether a party can appeal the state court judgment illustrates whether they are bound by *Rooker-Feldman*).

The bankruptcy court observed, as does Appellee, *see* Doc. 15 at 34, that two of the named defendants in the foreclosure action are the principals of Appellant, a corporate entity. Doc. 5-2 at 3 n.4, 9-10. But, unlike preclusion, a close relationship or even privity between parties is not enough for *Rooker-Feldman*. Likewise, the bankruptcy court's discussion of Appellant's knowledge of the foreclosure action and its opportunity to be heard may be appropriate for a preclusion analysis, but it does not factor into *Rooker-Feldman*. Appellee also has not established that the narrow boundaries of the *Rooker-Feldman* doctrine include an exception for a party's alleged unclean hands.

It is true that Appellant became a party to the foreclosure proceedings after the final judgment of foreclosure was entered, and its federal claims could be viewed as challenges to the subsequent state court judgments to which it was a party—state court findings that the leasehold interest was terminated. Many of Appellee's arguments

---

[5] 2408 W. Kennedy was required to intervene in the foreclosure action—after the judgment had been entered—before it could challenge the state court's actions in any forum. *See* Doc. 5-23 ¶ 22 (motion to intervene granted "to the extent that the movants are made parties to this action"). In contrast, BAMC, as a named party, was able to file an interlocutory appeal to the final judgment of foreclosure. *See* Doc. 5-33 at 4.

below and on appeal assert that the subsequent proceedings preclude Appellant's current claims. But the bankruptcy court did not analyze this question, because it determined that *Rooker-Feldman* applied based on the final judgment of foreclosure alone. *See* Doc. 5-2 at 6 n.23. Because that finding did not take into account the fact that Appellant was not a party to the final judgment of foreclosure, the bankruptcy court's order must be reversed.

The action will be remanded for consideration of the other grounds for dismissal identified by Appellee in its motion to dismiss below, including collateral estoppel as to all the state court judgments, and the *Rooker-Feldman* doctrine as to the state court judgments that were entered after Appellant became a party to the foreclosure action. If the bankruptcy court determines that it lacks subject-matter jurisdiction based on the *Rooker-Feldman* doctrine, any dismissal must be without prejudice. *DiMiaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008).

## B. Count III

In Count III of the Amended Complaint, Appellant seeks relief under 11 U.S.C. §§ 544 and 550 for a fraudulent transfer. Doc. 5-23 ¶¶ 70-73. It alleges, "[a]lternatively, should the Court determine the Debtor's leasehold interest has been terminated," the termination constitutes a fraudulent transfer. *Id.* ¶ 71. It further alleges that the transfer was made without receiving a reasonably equivalent value in exchange, because Biel "did not receive any consideration at the foreclosure sale as a result of [its] credit bid," as it should have known that the Debtor was near insolvency at the time. *Id.* ¶ 72. Appellant was damaged by the loss of the leasehold interest. *Id.* ¶ 73.

11

The bankruptcy court dismissed Count III with prejudice for failure to state a claim, based on the Supreme Court's holding in *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) that a foreclosure sale price is per se "reasonably equivalent value" for the purpose of 11 U.S.C. § 548(a)(1)(B). Doc. 5-2 at 13 n.52. The bankruptcy court reasoned that the opinion would apply equally to a leasehold interest obtained in a foreclosure sale. *Id.*

Appellant argues that the dismissal with prejudice was error. Doc. 12 at 30-33. First, it contends that the court misapplied *BFP* because the instant case involves a non-party to the foreclosure judgment and a claim under § 544, not § 548. *Id.* at 31, 32-33. Moreover, Appellant asserts that questions of fact remain as to whether the foreclosure sale was valid even if the sale price was a reasonably equivalent value. *Id.* at 31-32. Finally, Appellant argues that any dismissal should have been without prejudice and with leave to amend, particularly because no party raised *BFP* prior to the bankruptcy court's decision. *Id.* at 33.

In response, Appellee contends that *BFP*'s holding applies equally to the instant case because § 548 and § 544 are virtually identical. Doc. 15 at 40-41. Appellee also points out that the Amended Complaint does not allege any irregularities with the foreclosure sale aside from the purported absence of reasonably equivalent value. *Id.* at 38. Further, Appellee argues that the bankruptcy court was correct to dismiss Count III with prejudice, because Appellant had already amended the complaint once, and any further amendment would be futile. *Id.* at 43.

Appellant's reply disputes that § 548 and § 544 can be treated equally, arguing that § 544 provides a mechanism to set aside an interest that was improperly transferred by a judgment, as here. Doc. 18 at 17-18. Further, Appellant emphasizes the significance of the fact that Appellant was not a party to the foreclosure judgment, which it asserts renders *BFP* inapposite. *Id.* at 18.

11 U.S.C. § 544(b)(1) grants a trustee the right to avoid transfer of a debtor's interest that is voidable under state law. 11 U.S.C. § 550 permits the trustee to recover the transferred property or its value once a transfer is avoided under § 544 and other sections. The Florida statutes that govern fraudulent transfers are Fla. Stat. §§ 726.105 and 726.106. Their language closely tracks that of the Bankruptcy Code's section on fraudulent transfers, 11 U.S.C. § 548(a)(1)(B). Because they "are analogous in form and substance," courts have applied the same analysis to each—contrary to Appellant's arguments on appeal.[6] *In re PSN USA, Inc.*, 615 Fed. App'x 925, 928 n.6 (11th Cir. 2015); *see, e.g.*, *Carn as Tr. of SpecAlloy Corp. v. Cooke, Cameron, Travis & Co., P.C.*, No. 2:18-cv-01004-JEO, 2019 WL 8301975, *7 (N.D. Ala. June 4, 2019); *In re Taylor, Bean & Whitaker Mortg. Corp.*, No. 3:09-bk-07047, 2018 WL 6721987, *4

---

[6] *Cf.* Doc. 12 at 32-33 ("Courts have held that BFP is limited to actions under 548 and should not be applied to actions brought under other sections of the Bankruptcy Code."). Appellant's arguments ignore the body of caselaw demonstrating that the "reasonably equivalent value" provisions of § 548 and Fla. Stat. § 726.106(1), applicable through § 544, are treated identically. Further, as explained in Appellee's brief, Doc. 15 at 42, Appellant's reliance on *Nguyen v. Wells Fargo Home Mortgage*, 490 B.R. 230, 235 (S.D. Tex. 2013), a case that involves a section of the Bankruptcy Code that is materially different from § 548 and § 544, is unavailing.

13

(Bankr. M.D. Fla. Sept. 28, 2018); *see also In re Greater Miami Neighborhoods, Inc.*, No. 08-10694-BKC-AJC, 2008 WL 2444530, *4, n.3 (Bankr. S.D. Fla. June 16, 2008); *In re Old Naples Sec., Inc.*, 343 B.R. 310, 319 (Bankr. M.D. Fla. 2006) (each asserting the same fraudulent transfer claim under both § 548 and § 544).

Under both Fla. Stat. § 726.106(1) and 11 U.S.C. § 544(a)(1)(B), a transfer of a debtor's interest is avoidable as constructively fraudulent if the debtor received less than a "reasonably equivalent value" in exchange for it. "Reasonably equivalent value" is not defined in either statute. In *BFP v. Resolution Trust*, 511 U.S. 531, 545 (1994), the court held that, in the context of a foreclosure sale, the actual foreclosure sale price constitutes "reasonably equivalent value" for the purpose of § 544. *See also In re Taylor, Bean & Whitaker*, 2018 WL 6721987 at *4 (the definition of "reasonably equivalent value under Florida law is effectively the same as under bankruptcy law."); *In re PSN USA*, 615 Fed. App'x at 927 (same).

Here, Appellant alleges that the transfer of its leasehold interest "was made without receiving a reasonably equivalent value in exchange," because Biel did not receive any consideration as a result of their credit bid at the foreclosure sale. Doc. 5-23 ¶ 72. However, under *BFP*, the price obtained at the foreclosure sale is *per se* the interest's reasonably equivalent value. Nor does a credit bid, instead of cash, inherently lack consideration. *See In re Nunez*, 635 B.R. 870, 875-76 (Bankr. S.D. Fla. 2021) (credit bidding is the "longstanding right" of a Florida mortgagee in order to avoid the "obvious inefficiencies of requiring a foreclosing lienholder to advance cash that it will just receive back after the sale"), citing *Grable v. Nunez*, 66 So.2d 675, 677

14

(Fla. 1953). Thus, the allegation that a transfer that occurred during a foreclosure sale was not in exchange for the interest's reasonably equivalent value does not state a claim for fraudulent transfer.[7]

The *BFP* Court held that the foreclosure sale price will constitute "reasonably equivalent value" if all the requirements of the state's foreclosure law have been complied with. 511 U.S. at 545. Appellant argues that questions of fact remain as to whether all requirements of Florida's foreclosure law were complied with. Doc. 12 at 32. But the Amended Complaint does not allege this theory of fraudulent transfer. It does not identify any defect of the foreclosure sale. It alleges fraudulent transfer only based on the lack of reasonably equivalent value. The count cannot survive a motion to dismiss based on allegations it does not make.

Appellant also contends that *BFP*'s holding is inapposite because the Debtor was not a party to the judgment of foreclosure. Although Appellant reproaches Appellee for failing to provide authority that *BFP* applies to this scenario, Doc. 18 at 18, Appellant, too, fails to provide any authority demonstrating that it does not. More importantly, Appellant has not identified any plausible reason *why* the *BFP* definition

---

[7] Count III's allegation regarding the Debtor's imminent insolvency is of uncertain relevance, and neither Appellant's brief nor its motion practice below sheds light on its inclusion. As drafted, the allegations do not make clear exactly why Appellant believes the transfer was not made in exchange for a reasonably equivalent value. To the extent Appellant wishes to offer some other theory based on the additional facts to which it alludes, it should redraft the count in accordance with the requirement that a pleading contain short, plain statements that give the defendant notice of the claims against it and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

of "reasonably equivalent value" should not apply in this context. To the extent Appellant wishes to argue that there was a defect in the foreclosure sale that would render the transfer fraudulent, it must make these allegations clearly in its pleading. Further, there is considerably less significance to Appellant's non-party status in Count III than in a *Rooker-Feldman* analysis. Although Appellant was not a party at the time of the judgment of foreclosure, it became a party to the proceedings shortly thereafter, at which time it attempted to challenge the loss of its leasehold interest. In short, Appellant has not demonstrated any error in the bankruptcy court's application of *BFP* to the instant case.

On the other hand, the Court agrees with Appellant that it should be given the opportunity to amend its allegations to attempt to cure the defect that the bankruptcy court *sua sponte* identified. At this point, it is unclear that amendment would be futile. Although it previously amended the complaint, Appellant has not repeatedly failed to cure this defect, which was not pointed out until the bankruptcy court's order. *Cf. In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1347-48 (11th Cir. 2017) (no abuse of discretion to dismiss with prejudice when second amended complaint failed to cure the identified defects). Further, although *BFP* forecloses one possible avenue of relief—an allegation that the foreclosure sale price was not a reasonably equivalent value due to insufficient consideration—other theories of fraudulent transfer exist, including allegations of defects in the foreclosure sale process. *See BFP*, 511 U.S. at 545 (the foreclosure sale price constitutes reasonably equivalent value if the state foreclosure law requirements have been complied with). Finally, although Appellee

16

asserts that amendment would be "unfairly prejudicial," it does not identify any specific prejudice that would result from giving Appellant the opportunity to amend, which should be freely given. Fed. R. Civ. P. 15(a)(2). Count III should have been dismissed without prejudice.

Accordingly, it is **ORDERED**:

1. The Bankruptcy Court's Memorandum Opinion on the *Rooker-Feldman* Doctrine (Doc. 5-2) and Order Granting Motion to Dismiss Adversary Complaint (Doc. 5-3) are **REVERSED**.

2. The Clerk is directed to **REMAND** this action to the Bankruptcy Court for further proceedings consistent with this opinion.

3. The Clerk is further directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties